# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.

                                **CRIMINAL ACTION NO: 2:16-CR-115**

## DEFENDANT JOEL PASTERNAK'S SENTENCING MEMORANDUM

**JOEL PASTERNAK**                                                                                 **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

Joel Pasternak pled guilty on May 11, 2017 without a plea agreement to eight (8) counts of a fourteen (14) count indictment. Joel was one of the four leaders of a conspiracy which imported raw steroid products from China, then manufactured them and sold them via the internet and then laundered the criminally derived proceeds. The conspiracy began in 2012 and ended on September 30, 2015.

Title 18 U.S.C. §3553(a) requires a sentencing court to consider:

The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of this subsection. The court, in determining the particular sentence to be imposed, shall consider-

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for sentence imposed-

    (A) To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

    (B) To afford adequate deterrence to criminal conduct;

    (C) To protect the public from further crimes of the defendant; and

1

(D)   To provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

3.   the kinds of sentences available;

4.   the kinds of sentence and the sentencing range established for-

(A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

(5)   Any pertinent policy statement-

(6)   The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

## The nature and circumstances of the offense.

This was a conspiracy which began in 2012 and ended on September 30, 2015. Its purpose was to import raw steroid substances from China, combine them into anabolic steroids in the United States and then to sell them to consumers via the internet. Proceeds were then laundered to avoid detection. Joel Pasternak was one of the conspiracy's leaders

The United States and the other Defendants believe that at least 60 kilograms of marijuana but less than 80 kilograms of marijuana equivalent were sold. Defendant Pasternak agrees.

Defendant Pasternak, along with Thomas M. Hensley, Health Dee Kershaw and John B. Allen were leaders of this conspiracy; that these anabolic steroids were mass marketed by means of interactive computer services.

Just as his co-defendants did, he stipulates for the purposes of sentencing that he is accountable for more than $15,000.00 but less than $40,000.00.

## Defendant's Role in the Conspiracy

Joel Pasternak was involved in the conspiracy from the beginning until it ended and he was a leader.

## Sentencing Factors

The History and Characteristics of the Defendant.

The defendant had no criminal record until becoming a part of this criminal conspiracy. He was a student at Eastern Tennessee University with almost enough credit hours to graduate.

**2A. The need for the sentence to reflect the seriousness of the offense. to promote respect for the law, and to provide just punishment for the offense.**

Because the offense involves Schedule Ill controlled substances, the offense is inherently less serious than Schedule II or I drug crimes.

The raw product was shipped illegally to the United States. The organization laundered a fairly large amount of illegal drug proceeds through a fairly sophisticated scheme which involved dozens of false identities and the use of thousands of communications sent over the internet. The offense is serious because of its scope and breadth. All of the conspirators knew that their activities were illegal, demonstrating they lacked respect for the law.

**2B. The need for the sentence imposed to afford adequate deterrence to criminal conduct.**

The defendant has been in custody for approximately 11 months as of the sentencing date.

**2C. The need for the sentence imposed to protect the public from further crimes of the defendant.**

It is not likely that Joel Pasternak will engage in similar conduct in the future.

**2D.  The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.**

There is no need for the sentence to incorporate this factor.

**The kinds of sentences available.**

There is no mandatory minimum sentence required. The guidelines are advisory.  The Court can impart a sentence that is sufficient but not greater than necessary to meet the ends of justice.

**The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.**

Defendant Allen received an 18 month sentence, Defendant Hensley received a 21 month sentence and Defendant Kershaw received a 30 month sentence.

**Pertinent policy statement.**

None exists.

**The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

The co-defendants who were most involved received sentences from 18-30 months.

**The need to provide restitution and order a monetary fine.**

As noted in the PSR, restitution is not relevant.  The defendant does not appear to have the ability to pay a fine.

**SUMMARY**

The Defendant, Joel Pasternak, should be given a sentence comparable to the other main participants in the conspiracy.  He entered a plea without necessity of a trial.  He accepted responsibility for his actions, and he offered to come in and be debriefed by the United States prior to his indictment with one caveat-he did not want to give information about any family members.  The United States refused his offer.  In this day and age of "the race to the

4

courthouse" and U.S.S.G. 5K.1, that seems to be foreign thinking but it should not cause a sentence as widely disproportionate as the <u>advisory</u> guidelines would have it.

Respectfully submitted,

s/ William M. Butler, Jr.
William M. Butler, Jr.
500 West Jefferson Street
Suite 1520
Louisville, Kentucky 40202
(502) 582-2020 telephone
(502) 583-8007 facsimile
Email: wmb@kycriminallawyer.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 5, 2017 I electronically filed the foregoing through the ECF System, which will send a notice of electronic filing to the Honorable Helen C. T. Smith, Assistant United States Attorney, as well as all counsel of record not listed.

s/ William M. Butler, Jr.
William M. Butler, Jr.